### GRIFFITH et al. v. JONES.

Motion No. 8334; No. 8259.

Court of Civil Appeals of Texas. Austin.
Feb. 26, 1936.

Rehearing Denied March 25, 1936.

W. H. Lipscomb, of San Angelo, for appellants.

BLAIR, Justice.

Appellee, A. J. Jones, brought this suit against appellants, Mrs. A. B. Griffith and Miss Stella Griffith, nonresidents of this state, alleging that on February 3, 1930, A. B. Griffith and his wife, appellant Mrs. A. B. Griffith, as principals, and appellee, as surety, executed and delivered their certain promissory note for the principal sum of $250, bearing interest at 10 per cent. per annum from maturity, and maturing April 3, 1930, and containing the usual 10 per cent. attorney's fee clause, payable to the Guaranty State Bank of San Angelo, Tex.; that at the time the note was executed the said A. B. Griffith and Mrs. A. B. Griffith were husband and wife; and that the bank paid the proceeds of the note to them, and the same was used for the benefit of their community property; that A. B. Griffith died after he executed the note, in Tom Green county, Tex., leaving an estate in that county, both separate and community, but no administration has been had upon said estate; and that Mrs. A. B. Griffith and Miss Stella Griffith, daughter of A. B. Griffith, deceased, took possession of all of the estate belonging to the said A. B. Griffith, deceased, both separate and community, and have appropriated the same to their own use and benefit; that when said note matured, A. B. Griffith and Mrs. A. B. Griffith, the principals thereon, failed and refused to pay the same or any part thereof, and that appellee, as surety, and in order to avoid being sued, was compelled to pay the said Guaranty State Bank of San Angelo, Tex., payee in the note, the full amount of the note, together with interest due thereon, which he paid the bank on or about June 1, 1930; and the bank executed to him a written transfer of the note; and that as such owner and holder of the note he brought this suit thereon; that by reason of the facts alleged, both A. B. Griffith and Mrs. A. B. Griffith became bound and obligated to pay appellee the note, together with all interest and attorney's fees due thereon, aggregating the sum of $397.32; and that because appellants, Mrs. A. B. Griffith and Miss Stella Griffith, had taken possession of the estate of A. B. Griffith, deceased, and because no administration had been taken out on said estate, said estate in their hands was subject to the payment of the obligation of A. B. Griffith, deceased, on the note.

Appellants were cited by publication, but appeared at the trial by their attorney, and filed only a general denial to the suit. A trial was had to the court without a jury, and judgment was for appellee, which judgment, after finding the facts with regard to the execution of the note and its payment by appellee as surety, reads, in part, as follows:

"The court further finds that A. B. Griffith, one of the principals on said note is dead; that Mrs. A. B. Griffith and Miss Stella Griffith the other defendants are the heirs at law of the said A. B. Griffith; that after the death of the said A. B. Griffith the defendants Mrs. A. B. Griffith and Miss Stella Griffith have taken possession of all the estate, both separate and community estate of the said A. B. Griffith and Mrs. A. B. Griffith; that this plaintiff is the holder and owner of said note; that it is a legal charge against the estate of the said A. B. Griffith, and that the said Mrs. A. B. Griffith and Miss Stella Griffith are now in possession of all of said estate, and are liable for the indebtedness against the same.

"The Court further finds that said note is due and unpaid and that the plaintiff A. J. Jones is entitled to recover against the estate of A. B. Griffith, Mrs. A. B. Griffith and Miss Stella Griffith, the principal, interest and attorney's fees due upon said amount which the Court finds to be the sum of Three Hundred Ninety-seven and 32/100 ($397.32) Dollars.

"The Court further finds that the defendants are non-residents of this state and that no personal judgment can be rendered against them."

The judgment further recited that at the time the suit was instituted by appellee, an affidavit and bond was filed for the attachment of the property of the defendants, and that the writ was duly levied upon the property, specifically described in the attachment and judgment "as the property of said estate (A. B. Griffith's estate), with all improvements thereon situated." The judgment then decreed a foreclosure of the attachment lien, and ordered that the property be sold in satisfaction of the judgment.

Appellants, by their attorney of record, have appealed on one assignment of error and one proposition, contending that "it is fundamental error for a court to enter a judgment on a petition which states no

cause of action"; and that "there is no allegation in plaintiff's petition as to the value of the property of A. B. Griffith, deceased, alleged to have been taken over, or appropriated, by the defendants; nor is there any allegation in said petition of any facts which would have rendered Mrs. A. B. Griffith, a feme covert, liable on the original note for $250.00."

There is no rule of law which required appellee to allege the value of the estate of A. B. Griffith, deceased, alleged to have been taken possession of and appropriated by appellants as his heirs at law, but subject to his obligation to pay the note in suit. The estate of A. B. Griffith, deceased, in the hands of appellants as his legal heirs was subject to the payment of deceased's obligation on the note in suit, and the pleadings and the findings of fact in the judgment itself warranted the court in concluding that the note "is a legal charge against the estate of A. B. Griffith, and that said Mrs. A. B. Griffith and Miss Stella Griffith are now in possession of all of said estate, and are liable for the indebtedness against the same"; and in foreclosing the attachment lien on the property attached "as the property of said estate (A. B. Griffith's), with all improvements thereon situated."

No personal judgment was rendered against appellant Mrs. A. B. Griffith on the note in suit, and the contention that there was no allegation in the "petition of any facts which would have rendered Mrs. A. B. Griffith, a feme covert, liable on the note for $250.00," is without merit. The mere fact that the judgment may have recited in one place that she was liable as a joint maker, or as a principal on the note, is not material, because the judgment specifically decreed that no personal judgment would be rendered against her.

The judgment of the trial court will be affirmed.

Affirmed.

### On Motion for Rehearing.

By motion for rehearing and written argument in support thereof, counsel for appellants contends that the pleadings of appellee were insufficient in several particulars as against a general demurrer. Counsel only filed a general denial to the pleadings of appellee. There is no state-ment of facts in the record, and this court cannot determine what defenses appellants urged in the trial court under their general denial.

Motion overruled.

Overruled.